Per Curiam.

The question of the admissibility of Mr. Echley, as a witness in support of this action, seems to be decided by the facts agreed by the parties. It is stated that J. 8f D. J. Eclcley were the agents of the plaintiffs, duly constituted by them, to sell their goods on a del credere commission; that is, the agents were liable to their principals for the amount of their sales, deducting their commissions. Supposing Mr. E. so to testify, he must prove himself directly interested in the event of the suit. The action must, on any supposition, be carried on for the benefit of the agents, either for their immediate profit in the commissions, or to secure them upon their responsibility to their employers. [ * 63 ] This being the case, a release from the nominal * plaintiffs had no effect to render the witness competent; because he was still to swear at large in his own concern, and establish a bargain made, not only in his own name, but for himself.
This case is plainly to be distinguished from the case of a servant or immediate agent, acting without any unusual responsibility. The privity of contract, the confidence in the dealing brought in question in this action, was between the Mr. Eclcley offered as a witness and the defendants. Mr. E. was answerable to his employers for the property sold, whether recovered of the defendants or not; and he was to receive an advantage from the price, as an owner, although in part only.
The case is stronger if we admit the confession of the principal member and agent of the corporation, who are plaintiffs in this action, and consider the facts stated by him as proved against the company. In that case, the money demanded in the action is to be recovered for the Eckleys. They are the real plaintiffs, and only using the name of the corporation, for whom they are to be sworn. It is a clear case of direct interest in the event of the suit, (a)

Judgment on the verdict.

 Marland vs. Jefferson & Al. 2 Pick. 240.